**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DEVIN TODD,<br><br>    Plaintiff,<br><br>              v.<br><br>LG CHEM, LTD and<br>LG CHEM AMERICA, INC.,<br><br>    Defendants. | Civil Action No.<br>1:20-cv-02738-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendant LG Chem America, Inc.'s (LG Chem America) partial motion to dismiss [ECF 15] and Plaintiff Devin Todd's alternative request for leave to file an amended complaint [ECF 23]. After careful consideration of the parties' briefing, the Court **GRANTS** LG Chem America's partial motion to dismiss and **DENIES** Plaintiff's request for leave to amend.

**I.     BACKGROUND**

The following facts are treated as true for purposes of this motion.[1] On February 15, 2017, Plaintiff Devin Todd was injured when a battery, manufactured by Defendant LG Chem, Ltd., exploded inside his e-cigarette device while the

---

[1]   *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

device was in his pocket.[2] As a result of the explosion, Todd suffered severe burns, and sustained various other serious and permanent physical, as well as emotional, injuries.[3] Todd is a resident of Missouri, was injured at his place of work in Missouri, and was treated for his injuries in Missouri.[4]

On October 2, 2018, Todd filed suit in the Circuit Court of Jackson County, Missouri against the e-cigarette device vendors and LG Chem America.[5] Todd voluntarily dismissed LG Chem America from the suit on December 12, 2018.[6] On June 29, 2020, Todd filed his Complaint against LG Chem America and LG Chem, Ltd. in this Court because LG Chem America resides in this district and he believed LG Chem, Ltd., a South Korean company, would be subject to the Court's jurisdiction based on its relationship with LG Chem America.[7] LG Chem America has moved to dismiss Todd's products liability, negligence, and Magnuson-Moss Warranty Act (MMWA) claims as time barred and because the MMWA claim fails

---

[2] ECF 1, ¶¶ 57–60.

[3] *Id.* ¶¶ 59–60.

[4] *Id.* ¶¶ 1, 57–60.

[5] ECF 22-1, at 4–33.

[6] *Id.* at 67.

[7] ECF 1, ¶¶ 2–16, 20.

to state a claim upon which relief can be granted.[8] Todd responded in opposition to the motion and alternatively requests leave to amend his Complaint to comply with Georgia's renewal statute.[9] Todd, however, concedes that his MMWA claim should be dismissed as time barred.[10] LG Chem America has replied in support of its motion and opposes amendment.[11]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

---

8    ECF 15.

9    ECF 23.

10   *Id.*

11   ECF 28; ECF 29.

*Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint must also present sufficient facts to "raise a reasonable expectation that discovery will reveal evidence of the claim." *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). The Court is not bound, by contrast, to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79.

**III. DISCUSSION**

    **A. Todd's Products Liability, Negligence, and MMWA Claims Are Barred by the Applicable Statute of Limitations.**

LG Chem America argues that Todd's products liability, negligence, and MMWA claims should be dismissed because they are barred by Georgia's two-

year statute of limitations for personal injury claims, O.C.G.A. § 9-3-33.[12] As for the products liability and negligence claims, Todd asserts that Georgia's renewal statute, O.C.G.A § 9-2-61, permits him to bring his claims within the "original applicable period of limitations," which, according to Todd, is the five-year statute of limitations applied to personal injury suits in Missouri.[13]

Georgia's renewal statute provides:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action.

O.C.G.A. § 9-2-61(a). Todd did not file this action within six months of the discontinuance of the Missouri action, and so the question for the Court is whether Missouri's five-year or Georgia's two-year statute of limitations is the "original applicable period of limitations" as contemplated by the Georgia renewal statute.

---

[12] ECF 15-1.

[13] ECF 22, at 1. The Missouri statute of limitation is found at Mo. Stat. § 516.120(4).

The Court disagrees with Todd's interpretation of "original applicable period of limitations." Georgia courts, and federal courts interpreting Georgia law, generally apply Georgia's statute of limitations. *De La Paz v. DBS Mfg., Inc.*, No. 1:09-CV-749-RLV, 2009 WL 10670401, at *3 (N.D. Ga. Sept. 10, 2009) ("[A] Georgia court or a federal court applying Georgia's 'choice of law' in a tort action which arose in a state other than Georgia will apply Georgia's statute of limitations to the foreign jurisdiction's causes of action, because issues related to statute of limitations are generally viewed as procedural."). The Georgia Court of Appeals, in interpreting O.C.G.A. § 9-2-61, has held that "[t]he renewal statute does not change the legal statute of limitation; it merely treats a properly renewed action as standing on the same footing as to limitation with the original case," and the "'original statute of limitations' thus refers to the statute of limitation which *normally* applies to a cause of action." *Atlanta Country Club, Inc. v. Smith*, 217 Ga. App. 515, 516 (1995) (emphasis in original).

Here, the statute of limitations that normally applies to Todd's claims is the two-year provision for personal injury actions under O.C.G.A. § 9-3-33. Todd's claims accrued when he was injured on February 15, 2017.[14] *Quinn v. Stafford*, 257

---

[14] ECF 1, ¶ 58.

Ga. 608, 609 (1987) (concluding that personal injury claim accrues when "injury is first sustained"). He filed his Complaint on June 29, 2020.[15] Todd's products liability and negligence claims are, therefore, barred by the applicable statute of limitations and must be dismissed.

### B. Todd Is Not Entitled to Leave to Amend His Complaint.

In response to LG Chem America's motion to dismiss, Todd alternatively requests leave to amend his Complaint to properly plead his action as a renewal action.[16] "Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given." *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1162 (11th Cir. 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004)). "However, the District Court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Id.* Any amendment to Todd's Complaint here would be futile. As discussed, Todd cannot bring renewal claims against LG Chem America because he failed to file his renewal complaint within the time limits set by the statute.

---

15   *Id.*

16   ECF 23.

Todd's request is also procedurally improper. In this Circuit, a party seeking to amend a pleading must move to do so under Federal Rule of Civil Procedure 15(a) and "must either attach a copy of the proposed amendment to the motion or set forth the substance thereof" because "a plaintiff 'should not be allowed to amend [his] complaint without showing how the complaint could be amended to save the meritless claim.'" *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006) (quoting *Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir. 1999)). Todd did not file a separate motion under Rule 15. Nor did he attach an amended pleading or describe how the amended pleading would cure the deficiencies in his Complaint. Todd is not entitled to leave to amend.

**IV.   CONCLUSION**

LG Chem America's partial motion to dismiss [ECF 15] is **GRANTED** and Todd's alternative request for leave to amend [ECF 23] is **DENIED**. Counts I, II, III, and V are **DISMISSED.**

**SO ORDERED** this the 10th day of March 2021.

                                                                   Steven D. Grimberg
                                                                   United States District Court Judge