# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BRYAN DURHAM,<br>        Plaintiff,<br><br>        v.<br><br>LG CHEM, LTD. and LG CHEM<br>AMERICA, INC.,<br>        Defendants. | Civil Action No.<br>1:20-cv-02737-SDG |
| MASON BRADFORD,<br>        Plaintiff,<br><br>        v.<br><br>LG CHEM, LTD. and LG CHEM<br>AMERICA, INC.,<br>        Defendants. | Civil Action No.<br>1:20-cv-02522-SDG |
| MITCHEL FATINO,<br>        Plaintiff,<br><br>        v.<br><br>LG CHEM, LTD. and LG CHEM<br>AMERICA, INC.,<br>        Defendants. | Civil Action No.<br>1:20-cv-01294-SDG |

| | |
|---|---|
| RICHARD JOHNSON, <br>        Plaintiff, <br><br>            v. <br><br> LG CHEM, LTD. and LG CHEM <br> AMERICA, INC., <br>        Defendants. | Civil Action No. <br> 1:20-cv-03230-SDG |
| BENJAMIN KURTZ, <br>        Plaintiff, <br><br>            v. <br><br> LG CHEM, LTD. and LG CHEM <br> AMERICA, INC., <br>        Defendants. | Civil Action No. <br> 1:20-cv-02523-SDG |
| KARL LORENTSON, <br>        Plaintiff, <br><br>            v. <br><br> LG CHEM, LTD. and LG CHEM <br> AMERICA, INC., <br>        Defendants. | Civil Action No. <br> 1:20-cv-01292-SDG |

|  |  |
|---|---|
| DOUG NEWELL,<br>        Plaintiff,<br><br>                    v.<br><br>LG CHEM, LTD. and LG CHEM<br>AMERICA, INC.,<br>        Defendants. | Civil Action No.<br>1:20-cv-02631-SDG |
| DAKOTA NORTON,<br>        Plaintiff,<br><br>                    v.<br><br>LG CHEM, LTD. and LG CHEM<br>AMERICA, INC.,<br>        Defendants. | Civil Action No.<br>1:20-cv-02263-SDG |
| RICHARD ROACH,<br>        Plaintiff,<br><br>                    v.<br><br>LG CHEM, LTD. and LG CHEM<br>AMERICA, INC.,<br>        Defendants. | Civil Action No.<br>1:20-cv-01277-SDG |

| | |
|---|---|
| WILLIAM SHULAR,<br>    Plaintiff,<br><br>            v.<br><br>LG CHEM, LTD. and LG CHEM<br>AMERICA, INC.,<br>    Defendants. | Civil Action No.<br>1:20-cv-01293-SDG |
| DEVIN TODD,<br>    Plaintiff,<br><br>            v.<br><br>LG CHEM, LTD. and LG CHEM<br>AMERICA, INC.,<br>    Defendants | Civil Action No.<br>1:20-cv-02738-SDG |
| PETER BISHOP,<br>    Plaintiff,<br><br>            v.<br><br>LG CHEM, LTD. and LG CHEM<br>AMERICA, INC.,<br>    Defendants. | Civil Action No.<br>1:20-cv-03253-SDG |

CHRISTOPHER MILAN,
     Plaintiff,

          v.

LG CHEM, LTD. and LG CHEM
AMERICA, INC.,
     Defendants.

Civil Action No.
1:20-cv-03286-SDG

## <u>OPINION AND ORDER</u>

This matter is before the Court on the above-named Plaintiffs' omnibus motion to transfer and Defendant LG Chem, Ltd.'s motions to dismiss for lack of subject matter jurisdiction filed against Plaintiffs Durham, Norton, Newell, Johnson, and Todd.[1] After careful review of the parties' briefing, the Court

---

[1] For ease of reference, the Court will refer to the omnibus motion, LG Chem, Ltd.'s motions to dismiss, and the relevant briefing filed in *Durham v. LG Chem, Ltd et al.*, 1:20-cv-02737-SDG. ECF 43 (Plaintiffs' omnibus motion to transfer with brief in support); ECF 46 (LG Chem America's opposition to motion to transfer); ECF 47 (Durham's reply in support of motion to transfer); ECF 49 (LG Chem, Ltd.'s motion to dismiss with brief in support); ECF 54 (Durham's response in opposition to LG Chem, Ltd.'s motion to dismiss); ECF 57 (LG Chem, Ltd.'s reply in support of its motion to dismiss); ECF 67 (Durham's surreply in support of motion to transfer); ECF 70 (LG Chem America's omnibus supplemental brief in opposition to transfer); ECF 77 (LG Chem, Ltd.'s opposition to motion to transfer); ECF 80 (Durham's reply in support of motion to transfer); ECF 81 (Durham's notice of supplemental authority); ECF 82 (LG Chem, Ltd.'s response to Plaintiff's notice of supplemental authority).

Plaintiffs in six other cases against LG Chem, Ltd. and LG Chem America Inc.

**GRANTS** LG Chem, Ltd.'s motions to dismiss for lack of personal jurisdiction and **DENIES** Plaintiffs' omnibus motion to transfer.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Each Plaintiff was allegedly injured after a lithium-ion battery, manufactured by LG Chem, Ltd. ("LG Chem") exploded inside of an e-cigarette.[2] Several Plaintiffs sued LG Chem, along with the e-cigarette distributors and manufacturers, in the jurisdictions where the explosions occurred, but voluntarily dismissed LG Chem from the cases because those courts declined to exercise personal jurisdiction over LG Chem.[3] The Plaintiffs then filed suit in the Northern District of Georgia against LG Chem and its subsidiary, LG Chem America, Inc. (LG Chem America), under the assumption that LG Chem would be subject to personal jurisdiction because LG Chem America has its principal place of business in this district.[4]

On September 28, 2020, on LG Chem's motions, the Court dismissed two related cases, holding that it lacked personal jurisdiction over LG Chem under

---

also joined the omnibus motion, but their motions to transfer have been denied as moot due to the resolution of dispositive motions.

[2]   ECF 43, at 4–13.

[3]   ECF 46, at 3.

[4]   ECF 43, at 2.

Georgia's long-arm statute.[5] Those plaintiffs appealed, and on March 16, 2021, the Eleventh Circuit affirmed the Court's order of dismissal.[6] In the pending cases in which it has been served,[7] LG Chem filed similar motions to dismiss for lack of personal jurisdiction. These motions are fully briefed and ripe for consideration.[8]

In recognition that the Court was unlikely to exercise jurisdiction over LG Chem on near-identical facts, Plaintiffs filed the present omnibus motion to transfer,[9] arguing that the convenience factors of 28 U.S.C. § 1404 favor transfer to the places where the explosions occurred.[10] LG Chem America responded in

---

[5]  *Davis v. LG Chem, Ltd.* & *Fullerton v. LG Chem, Ltd.*, Nos. 1:19-CV-05234-SDG & 1:20-CV-02653-SDG, 2020 WL 5773462, at *6 (N.D. Ga. Sept. 28, 2020) (hereinafter, *Davis*).

[6]  *Davis v. LG Chem, Ltd.* & *Fullerton v. LG Chem, Ltd.*, Nos. 20-13837 & 20-13838, — F. App'x —, 2021 WL 981418, at *3 (11th Cir. Mar. 16, 2021).

[7]  *Norton v. LG Chem, Ltd.*, 1:20-cv-02263-SDG, ECF 44; *Newell v. LG Chem, Ltd.*, 1:20-cv-02631-SDG, ECF 47; *Durham v. LG Chem, Ltd.*, 1:20-cv-02737-SDG, ECF 49; *Johnson v. LG Chem, Ltd.*, 1:20-cv-03230-SDG, ECF 40; *Todd v. LG Chem, Ltd.*, 1:20-cv-02738-SDG, ECF 57.

[8]  ECF 54; ECF 60.

[9]  ECF 43. Three Plaintiffs—Peter Bishop, Christopher Milan, and Jason Eisenhauer—filed a separate, but identical, omnibus motion to transfer because each sought transfer to the Eastern District of Missouri. *See, e.g., Milan v. LG Chem, Ltd. and LG Chem America, Inc.*, 1:20-cv-03286-SDG, ECF 29.

[10]  ECF 43, at 14.

opposition to the omnibus motion,[11] to which Plaintiffs' replied,[12] and both Plaintiffs and LG Chem America have filed supplemental briefing.[13]

Most recently, Plaintiffs moved to dismiss LG Chem America with prejudice from each case because they learned for the first time during discovery that LG Chem America did not sell, manufacture, or distribute the batteries at issue in this litigation during the relevant time period.[14] The Court dismissed LG Chem America from each pending case; therefore, the pending motion to transfer only encompasses Plaintiffs' claims against LG Chem. The Court granted LG Chem leave to file oppositions to the motions to transfer in those cases where it specially appeared to oppose personal jurisdiction, which it has done.[15] Plaintiffs replied to LG Chem's oppositions, now contending that the Court must transfer the case pursuant to 28 U.S.C § 1631 because it does not have jurisdiction over LG Chem.[16] The Court will first address LG Chem's motions to dismiss.

---

[11]   ECF 46.

[12]   ECF 47.

[13]   ECF 67; ECF 70.

[14]   ECF 75.

[15]   *See, e.g.,* ECF 77.

[16]   ECF 80.

## II.   DISCUSSION

### A.   LG Chem's Motions to Dismiss

LG Chem filed its motions to dismiss for lack of personal jurisdiction against Plaintiffs Durham, Norton, Newell, Johnson, and Todd on the same grounds as it did in *Davis*, 2020 WL 5773462  (N.D. Ga. Sept. 28, 2020), *aff'd*, Nos. 20-13837 & 20-13838, 2021 WL 981418 (11th Cir. Mar. 16, 2021).[17] Specifically, LG Chem argues that the Court cannot exercise personal jurisdiction over it because Georgia's long-arm statute does not reach these Plaintiffs' claims.[18] The Court agrees.

### i.   Legal Standard

"The plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002) (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)). The Supreme Court recognizes two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1779–80 (2017). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous

---

[17]   ECF 49-1, at 14.

[18]   *Id.*

and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Wash. Office of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)). In contrast, specific jurisdiction "depends on an affiliation between the forum and the underlying controversy." *Goodyear Dunlop Tires*, 564 U.S. at 919 (citation omitted).

Here, the Court need only consider whether specific jurisdiction exists. A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257–58 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). The Georgia long-arm statute "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." *Diamond Crystal*, 593 F.3d at 1259 (interpreting *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa*, 279 Ga. 672 (2005)).

To satisfy the Georgia long-arm statute, the plaintiff must show that personal jurisdiction is permitted under one of the express statutory bases, interpreted and applied literally. *Diamond Crystal*, 593 F.3d at 1259. Since the Court's application of the Georgia long-arm statute is governed by state law, the Court "must interpret and apply Georgia's long arm statute in the same way as would the Georgia Supreme Court." *Id.* at 1258. To satisfy the due process requirement, the defendant must have "fair warning" that its activities in the forum may subject it to jurisdiction. *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985). The nonresident defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe Co.*, 326 U.S. at 316).

### ii.   Analysis

Relevant here, the Georgia long-arm statute provides:

> A court of this state may exercise personal jurisdiction over any nonresident or his or her executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:
>
> (1) Transacts any business within this state.

O.C.G.A. § 9-10-91. Accordingly, to satisfy this subsection, Plaintiffs must show that (1) LG Chem transacted business within Georgia, and (2) their causes of action arise out of such business transaction(s). *See Diamond Crystal*, 593 F.3d at 1264 ("Georgia's long-arm statute permits jurisdiction where a plaintiff's cause of action 'arises out of' a nonresident defendant's 'transact[ion] of any business within [Georgia].'") (quoting O.C.G.A. § 9-10-91(1)).

Plaintiffs have neither alleged nor presented evidence that the LG Chem batteries of the type used by Plaintiffs in their e-cigarette devices were manufactured, sold, or even transported by LG Chem through Georgia. As with the plaintiffs in the *Davis* case, they "have failed to show that LG Chem has engaged in any transactions within Georgia that are related to the events at issue in these actions." 2020 WL 5773462, at *4. "Because the exercise of personal jurisdiction is not appropriate under Georgia's long-arm statute, it is unnecessary to analyze whether the exercise of jurisdiction would be consistent with procedural due process under the Fourteenth Amendment." *Empirical Regent, LLC v. Sunny Design & Bus. Consulting, LLC*, No. 1:19-CV-3253-MHC, 2020 WL 4557564, at *12 (N.D. Ga. Feb. 25, 2020). Accordingly, the Court finds that LG Chem is not

subject to personal jurisdiction in the cases brought by Durham, Norton, Newell, Johnson, and Todd.[19]

### B.     Plaintiffs' Motion to Transfer

In their motion to transfer and subsequent briefing, apart from their reply to LG Chem's opposition, Plaintiffs assert that transfer is proper under 28 U.S.C. § 1404(a) because it would be more convenient for the parties to litigate in the states in which the explosions occurred. Now, however, since LG Chem America has been dismissed from this suit, Plaintiffs argue that the Court must transfer these cases to the proposed transferee districts pursuant to 28 U.S.C. § 1631 because the Court lacks jurisdiction over LG Chem.

LG Chem opposes transfer, arguing that Plaintiffs have not, and cannot, show that the transferee courts can exercise personal jurisdiction over LG Chem.[20] LG Chem America opposed transfer on the same grounds before it was

---

[19]   Indeed, these Plaintiffs seemingly concede in their replies to LG Chem's opposition to the motion to transfer that the Court lacks jurisdiction over LG Chem. *See, e.g.,* ECF 80, at 8 ("Since this Court already determined jurisdiction is lacking over LG [Chem] in Georgia, and since Plaintiffs made allegations in their complaints that demonstrate the transferee court could obtain personal jurisdiction over LG [Chem], the only question this Court must decide is whether transfer is in the interest of justice.").

[20]   ECF 77, at 9–10.

dismissed.[21] Plaintiffs argue in response that this Court is not required to determine a transferee court's personal jurisdiction over Defendants and, indeed, the transferee court is in a better position to make this determination.[22] Plaintiffs also argue, with respect to the cases brought by Plaintiffs Durham, Norton, Newell, Johnson, and Todd, that the transferee courts have specific jurisdiction over LG Chem.[23]

### i. The Relevant Transfer Statutes

The Court has power to transfer a civil case to another federal district court pursuant to 28 U.S.C. §§ 1404(a), 1406(a), and 1631. Under § 1404(a), the permissive transfer statute, the Court, "[f]or the convenience of parties and witnesses, in the interest of justice," may transfer a civil action "to any other district or division where it might have been brought." Under § 1406(a), if a case is filed "in the wrong division or district" the Court may, "if it be in the interest of justice," transfer "to any district or division in which it could have been brought." Finally, under § 1631, if the Court finds "a want of jurisdiction" it "shall, if it is in the interest of justice,

---

[21]   ECF 46, at 8.

[22]   ECF 60, at 6.

[23]   ECF 80, at 13–15.

transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed."[24]

Given the inconsistent arguments made in Plaintiffs' opening brief and the responses to LG Chem's opposition, it is unclear to the Court which statute should govern Plaintiffs' omnibus motion.[25] Importantly, however, under each relevant statute the Court must find that (1) the proposed transferee court is a court where the action "might" or "could" have been brought and (2) transfer is in the interest of justice. As a threshold matter, therefore, the Court must determine whether the proposed transferee courts are in districts where the cases could have been brought in the first instance.

---

[24]   The fact that § 1631 provides for transfer "if it is in the interest of justice" means that it is not automatic or "mandatory," as Plaintiffs suggest. ECF 80, at 4.

[25]   The Court notes, for example, that transfer under § 1631 might only be proper where the Court lacks *subject matter* jurisdiction, not personal jurisdiction. *Brown v. Ford Motor Co.*, 347 F. Supp. 3d 1347, 1351 (N.D. Ga. 2018) ("While it is undisputed that § 1631 applies to permit transfer when there is a lack of subject-matter jurisdiction, courts are split as to whether § 1631 applies to permit transfer to cure a lack of personal jurisdiction. It is unclear in this circuit whether § 1631 would be applied to authorize the transfer to another court when personal, as opposed to subject-matter, jurisdiction is lacking.")

### ii.   A Case "Might Have Been Brought" Only Where the Court Can Exercise Personal Jurisdiction.

Plaintiffs argue that nothing in 28 U.S.C. § 1404(a) explicitly requires a district court to determine personal jurisdiction prior to transfer and, where the interests of justice would be served, it would be better for the transferee court to determine personal jurisdiction.[26] With regard to their § 1631 argument, Plaintiffs assert that the Court need not engage in an "in-depth" jurisdictional analysis because it would be a waste of time,[27] and, regardless, the proposed transferee courts in the cases brought by Durham, Norton, Newell, Johnson, and Todd can exercise specific personal jurisdiction over LG Chem.

As to § 1404, it is well established that transferor courts must determine whether the transferee court has personal jurisdiction over defendants prior to transfer. "[C]ourts are uniform in requiring that the transferee have personal jurisdiction over the defendant and constitute a proper venue." 15 Arthur R. Miller, FED. PRACTICE AND PROCEDURE § 3845 (4th ed. 2020). *See also BRS, Inc. v. Volume Shoe Corp.*, No. C81-1281A, 1982 WL 52210, at *8 (N.D. Ga. June 28, 1982) ("Transfer is statutorily limited, however, to those judicial districts in which the

---

26   ECF 60, at 2, 5.

27   ECF 80, at 12–14.

claim originally could have been brought. More specifically, all defendants in a transferred case must be amenable to service of process in the transferee district, and venue in that district must properly lie as to all of them."); *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) ("The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum."); *Ruddock v. Liquid Transp. Corp.*, No. 1:17-CV-4805-SCJ, 2018 WL 6920675, at *2 (N.D. Ga. June 25, 2018) ("Generally, jurisdiction issues must be settled before considering appropriate venues.").

The Supreme Court settled this question in *Hoffman v. Blaski*, 363 U.S. 335, 342 (1960), when it held that "might have been brought" means at "the time of bringing the action," and, therefore, § 1404(a) does not permit transfer to a forum that, after filing, gains personal jurisdiction over the defendants through consent or by the defendants becoming citizens of that forum. *Id.* at 337–43. The assumption in *Blaski* was that personal jurisdiction, like venue, must be established before transfer pursuant to §1404(a). *See also Magnacoustics, Inc. v. Resonance Tech. Co.*, 132 F.3d 49, at *1 (Fed. Cir. 1997) ("As explicitly set forth in the statute, the transferee forum must be one in which the action might have been brought, meaning that both venue and jurisdiction must be proper there. Furthermore, as

firmly established by judicial decisions, in an action involving multiple defendants venue and jurisdiction requirements must be met as to each defendant.") (citation omitted); *Anstalt v. Bacardi & Co., Ltd.*, No. 1:17-CV-21505-UU, 2017 WL 5634954, at *5 (S.D. Fla. June 26, 2017) ("[C]ourts almost unanimously hold that a party seeking to transfer a case under 28 U.S.C. § 1404(a) must demonstrate that the transferee court has subject matter jurisdiction, that venue is proper and that there is personal jurisdiction in the transferee forum over ***each*** defendant in a given action.") (emphasis in original) (collecting cases).

The Court sees no reason to depart from *Blaski* in interpreting §§ 1406(a) and 1631 either. *See, e.g.*, Arthur R. Miller, 15 FED. PRACTICE AND PROCEDURE § 3827 (4th ed.) ("If the court decides to transfer under Section 1406(a), it must send the case 'to any district or division in which it could have been brought.' The court to which the case is transferred must be one in which venue would have been proper and that could exercise personal jurisdiction over the defendant had the action been commenced there."). Under the relevant transfer statutes, a case "might" or "could" have been brought only in a district where the court can exercise personal jurisdiction over the defendants. As a result, determining personal jurisdiction in the transferee court is a threshold issue in any transfer analysis.

In support of their argument that the Court need not determine personal jurisdiction, Plaintiffs cite *Petroleum Financial Corp v. Stone*, 116 F. Supp. 426, 429 (S.D.N.Y. 1953), in which the district court allowed, but expressed "serious doubts" about, transfer to another district before the transferor court itself obtained personal jurisdiction over the defendants through service of process. *Petroleum Financial Corp* did not discuss, as Plaintiffs suggest, whether a district court may transfer a case without determining the *transferee* court's jurisdiction. Indeed, it was clear that the defendants there, citizens of Texas, were subject to the personal jurisdiction of the proposed transferee court, the Southern District of Texas. *Id.*

Plaintiffs also cite *Brownstein v. New York University Medical Center*, No. CIV. A. 94-907, 1994 WL 669620, at *9 (D.N.J. Nov. 22, 1994), where the district court found that the movants made a *prima facie* showing that the proposed transferee court could exercise personal jurisdiction over the defendants, but noted that the transferee court could conduct a more intensive personal jurisdiction analysis if the defendants moved to dismiss after transfer. The *Brownstein* court cited *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 166 (3d Cir. 1982) for the proposition that a court should be cautious in determining personal jurisdiction because the Third Circuit interpreted *Blaski* to only allow a transferee court to determine personal

jurisdiction if the transferor court did not address it in the first instance. *Brownstein* and *Sarokin* do not stand for the proposition offered by Plaintiffs, that a court may transfer a case without first determining jurisdiction, but instead recognize that *Blaski* does not permit a transferee court to re-examine personal jurisdiction if it would otherwise be precluded from doing so under the law of the case doctrine or *res judicata. Sarokin*, 669 F.2d at 166–67.

The Court is also unpersuaded by the other cases cited by Plaintiffs, which involved "gray areas" of personal jurisdiction that could be addressed at a later time. *Jennings v. Entre Computer Ctrs., Inc.*, 660 F. Supp. 712, 716 (D. Me. 1987) ("[A]ssum[ing], without deciding," that the case could have been brought in transferee district where transferee court had personal jurisdiction over some defendants and the relevant long-arm statute included an "ends of justice" analysis best employed by the transferee court); *Trask v. Serv. Merch. Co.*, 135 F.R.D. 17, 21 (D. Mass. 1991) (leaving issues of personal jurisdiction that "may arise" to transferee court).

### iii.    Jurisdictional Discovery Is Unwarranted.

Plaintiffs argue that the Court should permit jurisdictional discovery so that they can supplement their arguments with facts that show the proposed transferee

courts have personal jurisdiction over LG Chem.[28] But, as discussed below, Plaintiffs have not alleged a basis for the transferee court's jurisdiction. "The purpose of jurisdictional discovery is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction. It is not a vehicle for a 'fishing expedition in hopes that discovery will sustain the exercise of personal jurisdiction.'" *Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013) (quoting *Parker v. Brush Wellman, Inc.*, 377 F. Supp. 2d 1290, 1305 (N.D. Ga. 2005)). Since there are no allegations underlying Plaintiffs' assertion of personal jurisdiction in the transferee districts, there are no facts to be verified through discovery, and the Court will not permit Plaintiffs to go on a fishing expedition to find a basis for jurisdiction. Plaintiffs' request for jurisdictional discovery is denied.

### iv.   Plaintiffs Have Failed to Show that the Transferee Courts Have Personal Jurisdiction over LG Chem.

Simply put, it is Plaintiffs' burden to show that the transferee courts can exercise personal jurisdiction over LG Chem, and they have utterly failed to carry this burden. Plaintiffs failed to present any evidence or even make factual allegations showing that the various transferee courts can exercise personal

---

[28]   ECF 47, at 16.

jurisdiction over LG Chem. This is not an exaggeration; the basis of Plaintiffs'
argument is that the Court need not determine personal jurisdiction in the
proposed transferee courts, and therefore they did not need to set forth any facts
in support of such jurisdiction. Instead, Plaintiffs rely entirely on the convenience
factors set forth in § 1404,[29] the assertion that the transferee courts are better suited
to consider personal jurisdiction,[30] and the purported impropriety of LG Chem
filing an opposition to their motion to transfer (despite the Court having granted
LG Chem leave to do so).[31]

In their most recent filings, Plaintiffs assert, without any factual basis, that
LG Chem placed the subject batteries into the stream of commerce with knowledge
that the batteries would end up in each of the proposed transferee jurisdictions.[32]
Disregarding that Plaintiffs improperly raised this new argument in their reply
brief, this assertion is insufficient to save Plaintiffs' motion. *Riechmann v. Fla. Dep't
of Corr.*, 940 F.3d 559, 579 (11th Cir. 2019), *cert. denied*, 141 S. Ct. 1088 (2021)
("[Arguments raised for the first time in a reply brief are not properly before a

---

[29]   ECF 43, at 15–22.

[30]   ECF 67; ECF 80, at 12–14.

[31]   ECF 80, at 3.

[32]   ECF 80, at 12–14. Whether this argument applies to all Plaintiffs or just for
Plaintiffs Durham, Norton, Newell, Johnson, and Todd, is unclear.

reviewing court.") (internal citations omitted). The Court cannot find that the proposed transferee courts can exercise personal jurisdiction over LG Chem, and are therefore courts where the cases "could" or "might" have been brought, when there is no factual basis for such a finding.[33] Plaintiffs' motion to transfer is denied.

---

[33] The closest Plaintiffs come to supporting a claim of personal jurisdiction in a transferee court is for Plaintiff Newell in the Northern District of Ohio. Plaintiffs cited an Ohio Supreme Court decision affirming a finding of personal jurisdiction over LG Chem in a similar case. ECF 80, at 13; ECF 80-2. The Ohio court did not find general jurisdiction over LG Chem, however, and Plaintiffs have not shown how the Ohio case would apply Newell's specific facts.

## III.    CONCLUSION

LG Chem's motions to dismiss for lack of personal jurisdiction against Plaintiffs Durham, Norton, Newell, Johnson, and Todd are **GRANTED**. Plaintiffs' omnibus motion to transfer is **DENIED**. The Clerk is **DIRECTED** to **CLOSE** the following cases: *Norton v. LG Chem, Ltd.*, 1:20-cv-02263-SDG; *Newell v. LG Chem, Ltd.*, 1:20-cv-02631-SDG; *Durham v. LG Chem, Ltd.*, 1:20-cv-02737-SDG; *Johnson v. LG Chem, Ltd.*, 1:20-cv-03230-SDG; *Todd v. LG Chem, Ltd.*, 1:20-cv-02738-SDG. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** the following cases until LG Chem is properly served: *Bradford v. LG Chem, Ltd.*, 1:20-cv-02522-SDG; *Fatino v LG Chem, Ltd.*, 1:20-cv-01294-SDG; *Kurtz v. LG Chem, Ltd.*, 1:20-cv-02523-SDG; *Lorentson v. LG Chem, Ltd.*, 1:20-cv-01292-SDG; *Roach v LG Chem, Ltd.*, 1:20-cv-01277-SDG; *Shular v LG Chem, Ltd.*, 1:20-cv-01293-SDG; *Bishop v. LG Chem, Ltd.*, 1:20-cv-03253-SDG; *Milan v. LG Chem, Ltd.*, 1:20-cv-03286-SDG.

**SO ORDERED** this the 22nd day of April 2021.

Steven D. Grimberg
United States District Court Judge